JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Margarita Marshall
1335 Luzerne Street
Philadelphia, PA 19144

**DEFENDANTS**
United States Post Office
United States Postal Service National Torts Center

(b) County of Residence

County of Residence of United States of America

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name,...)*
Clearfield & Kofsky
Adam E. Grutzmacher, Esq.
1617 John F. Kennedy Blvd-Suite 355
Philadelphia, PA 19103
(215) 563-6333

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [x] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Slip + fall inside Post office floor

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

05/2023

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1335 Luzerne Street, Philadelphia, PA 19124__

Address of Defendant: __5209 Greene Street, Philadelphia, PA 19144__

Place of Accident, Incident or Transaction: __5209 Greene Street, Philadelphia, PA 19144__

**RELATED CASE IF ANY:**
Case Number:_____ Judge:_____ Date Terminated_____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?  Yes ☐  No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any now pending or within one year previously terminated action in this court except as note above.

DATE: _____  *[signature]*  ____92061____
     Attorney-at-Law *(Must sign above)*         Attorney I.D. # *(if applicable)*

---

**Civil** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts)
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☐ Employment
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ All Other Federal Question Cases. *(Please specify)*:_____

**B.  Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury *(Please specify)*: Slip + Fall
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)*_____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, __Adam E. Grutzmacher__, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __5-7-24__  *[signature]*  __92061__
     Attorney-at-Law *(Sign here if applicable)*         Attorney ID # *(if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARITA MARSHALL<br>1335 Luzerne Street<br>Philadelphia, PA 19124<br>    v.<br>UNITED STATES POST OFFICE<br>5209 Greene Street<br>Philadelphia, PA 19144<br>    and<br>UNITED STATES POSTAL SERVICE<br>NATIONAL TORT CENTER<br>1720 Market Street-Room 2400<br>St. Louis, MO 63155<br>    And<br>UNITED STATES OF AMERICA<br>615 Chestnut Street-Suite 1250<br>Philadelphia, PA 19103 | MARCH TERM, 2024<br>NO. |

## COMPLAINT

Plaintiff, Margarita Marshall, by and through her attorney, Adam E. Grutzmacher Esquire, demands judgment against Defendants, United States Post Office, United States Postal Service National Tort Center and United States of America, in support thereof, state as follows:

### AVERMENTS OF JURISDICTION

1. Plaintiff, Margarita Marshall, is an adult individual who resides at the above-captioned address.

2. Defendant, United States Post Office (hereinafter referred to as USPO), is a Federal Authority and/or governmental entity licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an office for service at the above-captioned address.

3. Defendant, United States Postal Service National Tort Center (hereinafter referred to as "USPS"), is a Federal Authority and/or governmental entity licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an office for service at the above-captioned address.

4. Defendant, United States of America (hereinafter referred to as "USA"), is a Federal Authority and/or governmental entity licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an office for service at the above-captioned address.

5. Plaintiff, brings this civil action claim for money damages against Defendants, USPO USPS, and USA, pursuant to the Federal Tort Claims Act 28 U.S.C. §2671 for personal injuries caused by the negligent or wrongful act of omission of employees of the Government while acting within the scope of their office or employment.

6. As described his is an action arising under 28 U.S.C. §1331 entitled "Federal Question."

## GENERAL AVERMENTS

7. Plaintiff, Margarita Marshall, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 6 inclusive, as if set forth at length herein.

8. At all times material hereto, Defendants did own and/or operate and/or manage and/or control and/or possess the post office located at 5209 Greene Street, Philadelphia, Pennsylvania.

9. On or about October 27, 2018, and for some time prior thereto, Defendants, acting by and through their agents, servants, workmen and/or employees, acting as aforesaid carelessly and negligently allowed a wet and/or slippery substance to remain on the floor at the aforesaid location, for an unreasonable period of time.

10. On or about October 27, 2018, Plaintiff, Margarita Marshall, while a business invitee/licensee at the aforesaid location did sustain injury by reason of coming in contact with the aforementioned dangerous conditions at the aforesaid location, causing Plaintiff the injuries that form the basis for this action.

11. The aforesaid accident was due solely to the negligence and carelessness of the Defendants, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

12. The injuries and damages hereinafter set forth were caused solely by and were the direct and proximate result of the negligence of the Defendants, which consisted, inter alia, of the following:

    (a) allowing and/or causing a dangerous and defective condition to exist of the premises, of which Defendants knew or should have known by the exercise of reasonable care;

    (b) said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

    (c) failing to inspect the floors at reasonable intervals to determine the condition thereof;

    (d) Defendants knew, or should have known, of the existence of said dangerous condition;

(e) failing to give warning or notice of the specific defective condition on the sidewalk;

(f) failing to hire and/or supervise competent contractors and/or competent sub-contractors to properly maintain the premises and/or remove the aforesaid defective and dangerous condition;

(g) failing to properly maintain the floor in question;

(h) failing to provide plaintiff with a safe and adequate passageway on a known public thoroughfare;

(i) allowing a wet and/or slippery substance to accumulate on the floor;

(j) failing to mop or otherwise remove the wet and/or slippery substance;

(k) failing to place wet floor signs or other warning mechanisms to warn of a potential hazard;

(l) in being otherwise careless, and negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

## COUNT I
## PLAINTIFF, MARGARITA MARSHALL v. ALL DEFENDANTS

13. Plaintiff, Margarita Marshall, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 12, inclusive, as if set forth at length herein.

14. As a sole and direct result of the aforesaid negligence of the Defendant, Plaintiff, Margarita Marshall, suffered severe, diverse and permanent injuries, including but not limited to: disc protrusion at L5/S1, disc bulging at L4/5, elbow contusion, right hip contusion, as well as

other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

15. As a further result of this accident, Plaintiff, Margarita Marshall, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

16. As a further result of this accident, Plaintiff, Margarita Marshall, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

17. As a further result of this accident, Margarita Marshall, has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the accident.

18. As a direct and reasonable result of the aforementioned accident, Plaintiff, Margarita Marshall, has or may hereafter incur other financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

19. As a further result of the aforementioned accident, Plaintiff, Margarita Marshall, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Margarita Marshall, demands judgment against the Defendants, jointly and severally, for compensatory damages commensurate with her losses.

                                **CLEARFIELD & KOFSKY**

BY: _____
                        **ADAM E. GRUTZMACHER, ESQUIRE**
                        *Attorney for Plaintiff, Margarita Marshall*