## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARGARITA MARSHALL,** | : | |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | **CIVIL NO. 24-1931** |
| | : | |
| **UNITED STATES POST OFFICE,** | : | |
| **UNITED STATES POSTAL SERVICE** | : | |
| **NATIONAL TORT CENTER, and** | : | |
| **UNITED STATES OF AMERICA,** | : | |
| *Defendants.* | : | |
| | : | |

### MEMORANDUM

**Scott, J.**                                                                       **October 16, 2024**

Plaintiff Margarita Marshall ("Plaintiff") alleges she was injured on October 27, 2018 when she slipped and fell due to a "wet and/or slippery substance" on the floor of the post office located at 5209 Greene Street, Philadelphia, Pennsylvania. ECF No. 1, Compl. ¶¶ 8–9. Plaintiff brings this action against Defendants United States Post Office, United States Postal Service ("USPS") National Tort Center, and the United States of America under the Federal Tort Claims Act ("FTCA") to recover for the injuries she suffered. However, as described below, because Plaintiff did not timely file this suit after her claim was denied and she has not shown extraordinary circumstances that would merit equitable tolling, the Court will grant summary judgment in favor of Defendant the United States of America.[1]

---

[1] The Court notes that the United States is the only proper defendant in an action brought under the FTCA. 28 U.S.C. §§ 2679(a), (b)(1). Accordingly, the Post Office and the National Tort Center must be dismissed from this action. *See, e.g., CAN v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008); *Hutchinson v. Weisinger*, No. 12-CV-5792, 2014 WL 3817335, at *2 (D.N.J. Aug. 4, 2014) (dismissing USPS and USPS employee from FTCA lawsuit).

I.    **BACKGROUND**

   **A. Plaintiff's Administrative Claim**

On January 21, 2020, Plaintiff's counsel submitted an SF-95 (Standard Form) for a federal tort claim to USPS, which USPS received on January 23, 2020. ECF No. 8, Solomon Decl. ¶ 5, Ex. A. On January 29, 2020, USPS sent a letter to Plaintiff's counsel acknowledging receipt of Plaintiff's claim and requesting additional records. ECF No. 8, Solomon Decl. ¶ 6. Thereafter, on March 2, 2021 and November 19, 2021, USPS sent follow up letters to Plaintiff's counsel requesting supplemental records. *Id.*

In addition to this written correspondence, Plaintiff's counsel, along with her counsel's office staff, and USPS had numerous telephonic communications concerning Plaintiff's claim, including a conversation on February 24, 2022, between Plaintiff's counsel and a USPS adjudicator in which the USPS adjudicator told Plaintiff's counsel that he did not need to file a lawsuit unless the claim could not be resolved administratively. ECF No. 9-5 at 2. Plaintiff's counsel indicates that prior to filing this lawsuit, his and his office staff's most recent attempts to communicate with USPS concerning Plaintiff's claim occurred on September 8, 2022, January 30, 2023, and April 10, 2023, when voicemails were left for the USPS adjudicator with no response. *See* ECF No. 9-2 at 4.

By letter dated April 17, 2023, USPS denied Plaintiff's claim. ECF No. 8, Solomon Decl. ¶ 7. The denial letter explained that "an investigation of this matter failed to establish a negligent act or omission on the part of [USPS] or its employees" and indicated that Plaintiff had "no later than six (6) months from the mailing of th[e] letter" to either file suit or file a request for reconsideration with USPS. *Id.* ¶ 7, Ex. C. USPS sent this letter on April 17, 2023, via certified mail, to Plaintiff's counsel, at the same addressed used on Plaintiff's SF-95 and for USPS's prior

correspondence. *Id.* ¶ 8, Ex. C. The receipt shows that the denial letter was delivered and signed for on April 21, 2023. *Id.*

However, Plaintiff's counsel never received the denial letter because the mail protocols in place at Plaintiff's counsel's office building implemented in response to the COVID-19 Public Health Emergency caused the letter to be mishandled. ECF No. 9 at 5–6. The letter was signed for by their building's regular United States Postal Carrier and placed in Plaintiff's counsel's law office's mail bin, but thereafter unaccounted for. *Id.*

### B. Plaintiff's Suit Before this Court

Plaintiff filed this case on May 7, 2024—over one year after USPS's denial letter. ECF No. 1. On July 15, 2024, Defendant United States of America moved to dismiss Plaintiff's Complaint as untimely. ECF No. 8. In Plaintiff's Response in Opposition filed on July 29, 2024, Plaintiff requests the Court equitably toll the six-month period in which she was required to file her Complaint. ECF No. 9. On August 9, 2024, Defendant filed a Reply in Support of it Motion to Dismiss arguing equitable tolling is not appropriate. ECF No. 10.

Given that both parties relied on evidence outside the Complaint for resolution of the timeliness issue and that the facts appeared to be undisputed, on August 28, 2024, the Court converted the Motion to Dismiss to a Motion for Summary Judgment and provided the parties an opportunity to present additional information pertinent to the Motion. ECF No. 11. On September 11, 2024, Plaintiff submitted an additional brief arguing that Defendant's Motion should be denied because equitable tolling is warranted or "Plaintiff should be granted permission to obtain additional discovery on the issue of service given that a United States Postal employee was identified as the individual who accepted the certified denial letter without proper authority to do so." ECF No. 12 at 2. Defendant filed a response on September 23, 2024 arguing that Plaintiff's

supplemental brief does not show equitable tolling is warranted. ECF No. 13. The matter is now ripe for resolution.

## II.   **LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Judgment will be entered against a party who fails to sufficiently establish any element essential to that party's case and who bears the ultimate burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The initial burden of demonstrating that there are no genuine issues of material fact falls on the moving party. Fed. R. Civ. P. 56(a). Once the moving party has met its burden, the nonmoving party must counter with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Capps v. Mondelez Glob., LLC*, 847 F.3d 144, 151 (3d Cir. 2017) (citation omitted). The nonmovant must show more than the "mere existence of a scintilla of evidence" for elements on which she bears the burden of production. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "'[O]nly evidence sufficient to convince a reasonable factfinder' merits consideration at this stage." *Fowler v. AT & T, Inc.*, 19 F.4th 292, 299 (3d Cir. 2021) (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014)). Bare assertions, conclusory allegations or suspicions are not sufficient to defeat summary judgment. *Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

In considering the Motion, the Court draws all reasonable inferences in the nonmovant's favor. *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 204 (3d Cir. 2022). Disagreements over what inferences may be drawn from the facts, even undisputed ones, preclude summary judgment. *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 744 (3d Cir. 1996) (citation omitted). Credibility determinations, the drawing of legitimate inferences from facts, and the weighing of evidence are matters left to the jury. *Anderson*, 477 U.S. at 255.

## III.   DISCUSSION

Under the FTCA, a claimant must commence an action in federal court "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). "The FTCA's time-line requirements are typically strictly enforced by district courts." *Martinez v. United States Postal Serv.*, No. 15-8545, 2016 WL 6892074, at *4 (D.N.J. Nov. 22, 2016) (citation omitted).  Here, as detailed *supra*, USPS mailed Plaintiff's counsel a final denial of Plaintiff's claim on April 17, 2023. Therefore, under the statutory framework, Plaintiff had until October 17, 2023 to file a lawsuit. However, Plaintiff did not initiate this lawsuit until May 7, 2024, over six months beyond the statutory deadline. Thus, Plaintiff's suit is untimely.

Plaintiff does not dispute that her lawsuit is untimely, but rather argues that she should receive the benefit of equitable tolling. ECF No. 9. To receive the benefit of the "extreme remedy" of equitable tolling, "the claimant must show that extraordinary circumstances prevented [them] from taking timely action." *Stroman v. United States*, No. 22-2241, 2023 WL 6172885, at *2 (3d Cir. Sept. 22, 2023) (citations omitted). This requirement is satisfied only when the plaintiff demonstrates "that (1) the defendant has actively misled [her] respecting [her] cause of action; (2) [s]he, in some extraordinary way, has been prevented from asserting h[er] rights; or (3) [s]he has

timely asserted h[er] rights mistakenly in the wrong forum." *Id.* (citations omitted). Importantly, however, "a plaintiff will not receive the benefit of equitable tolling unless she exercised due diligence in pursuing and preserving her claim." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (citation omitted). "The principles of equitable tolling thus do not extend to garden-variety claims of excusable neglect." *Id.* (internal quotations and citation omitted).

Plaintiff does not allege a forum issue nor misleading behavior by the government. Instead, Plaintiff's counsel argues that their non-receipt of the denial letter is an extraordinary circumstance and that they were otherwise diligent in pursuing this claim. *See generally* ECF No. 9. Neither argument suffices to satisfies this Circuit's "'restrictive' standard for extending equitable tolling in FTCA suits." *Stroman*, 2023 WL 6172885, at *3 (quoting *D.J.S.-W. ex rel. Stewart v. United States*, 962 F.3d 745, 750 (3d Cir. 2020)).

First, receipt of the denial letter "is not relevant for purposes of determining the limitations period for the filing of [an] FTCA claim." *Youlo v. United States*, No. 12-3135, 2013 WL 4479199, at *4 (E.D. Pa. Aug. 21, 2013). Rather, "[i]n determining whether claimants have exhausted their administrative remedies and complied with the filing deadline identified in § 2401(b), courts in this circuit have focused on when the agency *sent* notice of its decision acting on the claim, not when the claimant *received* notice of the denial." *Nahas v. United States*, No. 19-18455, 2023 WL 1359911, at *3 (D.N.J. Jan. 31, 2023) (collecting cases). Therefore, "[a]gency obligations are discharged on proper mailing, irrelevant of poor or failed communications among those notified of denial." *Forman v. United States*, No. 98-6784, 1999 WL 793429, at *6 (E.D. Pa. Oct. 6, 1999) (citations omitted). Consequently, courts have held that "the failure to receive a final denial letter in an FTCA case does not, alone, constitute an extraordinary circumstance." *Perry v. United States*, No. 3:17-CV-1082, 2021 WL 2345541, at *9 (M.D. Pa. June 8, 2021) (collecting cases).

6

Additionally, the Third Circuit recently held that "[g]eneralized claims about the pandemic, without more, are insufficient to warrant equitable tolling and all the more so in suits against the government, where [the] use of equitable tolling is already more constrained." *Stroman*, 2023 WL 6172885, at *3. Given this precedent, non-receipt of the denial letter due to COVID-19 pandemic era mail delivery issues at Plaintiff's counsel's law office, does not constitute an extraordinary circumstance.[2]

Second, the fact that a USPS adjudicator told Plaintiff's counsel that he did not need to file a lawsuit unless the claim could not be resolved administratively does not save Plaintiff's claim. The statement was made in February 2022, over a year before the issuance of the denial letter, and thus, over a year before Plaintiff's six-month statute of limitations began to run. ECF No. 9-5 at 2. Moreover, the statement in no way prevented Plaintiff from timely asserting her rights under the FTCA. *See Nahas*, 2023 WL 1359911, at *4 (explaining that plaintiff could have construed the agency's silence as a deemed final denial and pursued their claim in federal court). Instead, the record shows that Plaintiff's counsel last attempt to contact USPS was on April 10, 2023, more than a year prior to filing this action. Plaintiff's lack of effort to pursue or inquire about her claim for over a year establishes that Plaintiff did not exercise the type of diligence required to invoke equitable tolling.

Accordingly, Plaintiff's FTCA claim arising out of her October 27, 2018 incident is time barred and because equitable tolling is not applicable to Plaintiff's claim, any amendment to her claim would be futile. Therefore, the Court will dismiss Plaintiff's FTCA action with prejudice.

---

[2]     Additionally, contrary to Plaintiff's assertion, such a finding does not "completely dilute the notice requirement under the [FTCA] creating a dangerous precedent regarding what constitutes proper notice [of] a final denial notice under the FTCA in the future." ECF No. 12-1 at 2–3. Instead, such a finding follows Third Circuit precedent concerning FTCA deadlines and complies with the "restrictive" standard for extending equitable tolling in FTCA suits. *D.J.S.-W. ex rel. Stewart*, 962 F.3d at 750.

## IV.    CONCLUSION

For the foregoing reasons, Defendant United States of America's Motion (ECF No. 8) will
be granted, and this case will be dismissed with prejudice.


BY THE COURT:


HON. KAI N. SCOTT
United States District Court Judge

8